IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRELL RAYSHAWN HUGHES, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-01766-E (BT) |
| § | |
| CITY OF DALLAS, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Terrell Rayshawn Hughes. On August 15, 2022, the Court granted Hughes's motion for leave to proceed *in forma pauperis* and attempted to screen his complaint. The Court found the complaint deficient and sent Hughes a Notice of Deficiency and Order (ECF No. 6), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and on a court-approved form. The Order further informed Hughes that failure to respond and cure the deficiencies by September 15 could result in a recommendation that his case be dismissed. Hughes has not filed any response, an amended complaint, or otherwise complied with the Court's August 15 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Griggs v. S.G.E. Mgmt., L.L.C.,* 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler,* 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)).

Hughes initiated this civil action by filing a seven-page, single-spaced document entitled, "Affidavit: Complaint." Compl. 1 (ECF No. 3). It appears that Hughes claims to be a "sovereign citizen," as he refers to himself as "a Free man on the land." *Id.* Hughes alleges that on some unstated date some unnamed Dallas police officers violated his "God given constitutional rights in front of a Dallas police camera." *Id.* He further alleges that the Dallas police officers proceeded to illegally search and then arrest him. He then poses several "Rhetorical Questions" about the nature and source of law. But Hughes has failed to comply with the Court's order to file his complaint in compliance with Rule 8(a) and submit his claims on a court-approved form. The Court cannot screen his complaint, and this litigation cannot proceed until he cures these deficiencies

2

Hughes has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Hughes's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 21, 2022.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,]() 79 F.3d 1415, 1417 (5th Cir. 1996).*